UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:19-CV-80278

BRETT SOKOLOW and
CORI SOKOLOW,

    Plaintiffs,
v.

DOMINIQUE DAMICO and
RAMBLE ON FARM,
an unincorporated entity,

    Defendants.

_____/

**PLAINTIFF AND COUNTERCLAIM DEFENDANTS'
MOTION TO DISMISS COUNTERCLAIM**

    Plaintiffs and Counterclaim Defendants, Brett and Cori Sokolow (the "Sokolows"), by and through their counsel, hereby respectfully request the Court dismiss the Counterclaim of Defendants Damico and Ramble on Farm (collectively "Defendants").

**Summary of the Motion**

    The Sokolows' Motion addresses the sufficiency of the Counterclaim and moves to dismiss the Counterclaim as set forth herein pursuant to Rules 8(a) and 12(b)(6) and also Rule 19.

    The Sokolows are mindful of the distinction between dismissal with and without prejudice and the reasons for both. It is the position of the Sokolows that certain defects of the Counterclaim in Count III cannot be cured by amendment. In that instance, Plaintiffs have requested dismissal with prejudice.

**Dismissal Pursuant to Rules 12(b)(6) and 8(a)**

A counterclaim is essentially a complaint, and, just like a complaint, the counterclaim must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ. P. 8(a)(2). Of course, "[i]n considering a motion to dismiss, the Court must "accept well-pleaded facts and reasonable inferences drawn from those facts." *Carter v. Frito-Lay, Inc.,* 144 F. App'x 815, 818 (11th Cir. 005), quoting *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003). However, conclusory statements and threadbare allegations will not suffice. *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 29 .Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); see also *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1883, 198 Fed. 2d 290 (2017). Courts need not credit "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts." *Rankin v. Bd. of Regents of Univ. Sys. of Georgia,* No. 7-14483, 2018 WL 1974995, at *1 (11th Cir. Apr. 26, 2018), citing *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

Specifically, under Rule 12(b)(6), deductions of fact made "upon information and belief" are not admitted as true for the purpose of testing the sufficiency of the allegations. See, e.g.: *Daisy, Inc. v. Pollo Operations, Inc.*, No. 2:14-cv-564-FtM-38CM, 2015 WL 1418607, at *6 (M.D. Fla. Mar. 27, 2015), citing *Sinaltrainal v. Coca-Cola Co.,* 578 F.3d 1252, 1268 (11th Cir. 2009). The Court need not accept as true conclusory claims and claims "upon information and belief." See e.g. *Rankin,* supra, 2018 WL 1974995, at *1, citing *Oxford,* supra, 297 F.3d at 1188. As well, unwarranted deductions of fact made upon information and belief are <u>not</u> admitted as true for the purpose of testing the sufficiency of the allegations. *Daisy, Inc*., 2015 WL 1418607, at *6,

citing *Sinaltrainal*, 578 F.3d at 1268.   Rule 12(b)(6) then provides for dismissal of such pleadings or portion of a pleading which contain such "information and belief" claims. *Id.*

Further, under Rule 8(a)(2), pleadings that contain conclusory allegations which are based "upon information and belief" fail to show the pleader is entitled to relief.  See, e.g. *City of Gainesville v. Florida Power & Light Co.,* 488 F. Supp. 1258 (S.D. Fla. 1980) (finding an allegation based "upon information and belief … fails for two reasons. First, it is entirely conclusory and the remainder of the counterclaim does not contain any less conclusory allegations with respect to such 'proceedings.' See *Larry R. George Sales Co. v. Cool Attic Corp.*, 587 F.2d 266, 273-74 (5th Cir. 1979) (per curiam) (adopting the district court's Memorandum Opinion and Order)").

## The Counterclaim

The Counterclaim contains 134 paragraphs [DE 10 ¶¶ 187-321].  Of those 134 paragraphs, there are 125 allegations based "upon information and belief."  Fifteen (15) of the paragraphs of the allegations common to all counts are based "upon information and belief" and concern facts relevant to jurisdiction and damages [DE 10 ¶¶ 194-200, 202-207].   Thereafter, those fifteen such allegations are realleged for each of the four Counterclaim causes of action, making sixty (60) jurisdictional and damages allegations "upon information and belief" across the four Counterclaim counts. Additionally, Count III of the Counterclaim ("Recklessness") contains an additional five (5) allegations [DE 10 ¶¶226-229, 236-237]  based "upon information and belief,"  making a total of 20 paragraphs of such pleading for Count III.

On the basis of both Rules 12(b)(6) and 8(a)(2), *Daisy* and *City of Gainesville*, both supra, the Counterclaim is therefore devoid of sufficient factual allegations.   Because the Court should

not accept such "information and belief" allegations as true, *Id.*, the Counterclaim should be dismissed.

As a final note, Count III for "Recklessness" is premised upon the conclusory allegation that "Plaintiffs were reckless in their care and treatment of Rockette" [DE 10 ¶ 311], but fails to state a cause of action because the claim for reckless disregard of unreasonable risk of harm is not a valid cause of action in the State of Florida. *Bailey v. Janssen Pharmaceutica, Inc., et al.,* Case No. 06-80702-CIV-RYSKAMP/VITUNAC (November 14, 2006) *14 ("Plaintiff concedes that the claim for reckless disregard of unreasonable risk of harm is not a valid cause of action in the State of Florida and agrees to its dismissal. Accordingly these counts are dismissed with prejudice").

Even if such a claim were cognizable in Florida, Count III fails to adequately aver facts sufficient to elevate mere negligence (alleged in Count II) to something further. The Eleventh Circuit has defined severe recklessness as involving "highly unreasonable omissions or misrepresentations . . . which is either known to the defendant or is so obvious that the defendant must have been aware of it." *McDonald v. Alan Bush Brokerage Co.*, 863 F.2d 809, 814 (11th Cir. 1989) (citation omitted). Independent of the other grounds, above, to dismiss Count III, Defendants have not sufficiently set forth, and cannot sufficiently set forth a claim of recklessness. This defect cannot be cured and so this claim should be dismissed with prejudice.

### Dismissal Pursuant to Rule 19

Rule 19(a)(1) addresses joinder of necessary parties. Dismissal of the Counterclaim pursuant to Rule 19(a)(1) is also appropriate. After the filing of the Complaint, Defendants

recently admitted, in their Answer [DE 10 ¶ 30] that the individual Kristen Williams ("Williams") owns the horse Rockette with Defendants and that Defendant Damico "is the agent for Rockette." This admission by Defendants makes Williams a necessary and indispensable party, because she is a principal for whom the Defendants were acting, because her interest will be affected by the outcome of the case, and because Williams would be responsible for some or all of the damages should Plaintiff obtain a judgment against Defendants.   Rule 19(a)(1).

Federal Rule of Civil Procedure 19 establishes a two-step inquiry to determine whether Williams is an indispensable party to this suit. First, under Rule 19(a), the court inquires whether Williams is a "person to be joined if feasible," i.e. whether it is a "necessary party" to the litigation. A party is deemed necessary under Rule 19(a) (1) if: (1) its absence will prevent the court from granting complete relief to the existing parties, or (2) the party claims an interest relating to the subject matter of the action and its absence in the litigation may (i) as a practical matter impair or impede its ability to protect that interest, *or* (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the claimed interest. See Fed. R. Civ. P. 19(a) (1); 7 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure Section §1604 (2nd ed 1997).

If the court concludes that Williams is a necessary party under Rule 19(a) (1), then it must order her joinder, if feasible. Fed. R. Civ. P. 19 (a) (2).  If the court concludes that Williams is a necessary party, but that its joinder is not feasible, then under Rule 19(b) it must then determine whether, "in equity and good conscience," the action should proceed among the existing parties without it or be dismissed. Fed. R. Civ. P. 19(b). *Enza Inc. v. We the People, Inc.*, 838 F. Supp. 975, 977 (E.D. Pa. 1993).

### 1.  Williams is a Necessary Party - Rule 19(a)

As a threshold matter, the court should find that Williams is a necessary party to this litigation under Rule 19(a)(1)(B)(i), under the plain terms of which it is sufficient that a judgment in favor of Plaintiffs in this action "may as a practical matter impair or impede" Williams's ability to protect any interest that she holds in Rockette.  However, because Defendants have admitted that Williams was a co-owner of Rockette, Plaintiffs will have to establish that to recover from Damico for the alleged breaches, Defendants were also the agents of Williams for purpose of binding Williams as a co-owner to the lease-purchase contract.

In order to resolve this dispute, the Court will have to adjudicate the rights and obligations of Williams and Defendants under the purchase and sale contract, as well as the terms and conditions of that contract. Williams's interests under both analyses of the contract will be adversely affected if Plaintiffs prevail in this litigation, because a favorable decision for Plaintiffs must necessarily include a finding (because of Defendants' admission) that Defendants also acted as Williams' agent in entering into the lease-purchase contract.

As a result, Williams "may very well be bound by the result in this action under the doctrines of *res judicata* and collateral estoppel, which apply not only to the actual parties to litigation but also to those in privity with the parties." Thus, as a practical matter, Williams would be left without an opportunity to defend her interests in this litigation. Applying Rule 19 (a)(1)(B) (i), the Court should find that Williams's absence in this action will "as a practical matter impair or impede its ability to protect its claimed interest."   See, e.g.: *The Spear Group, Inc. v. Florida Power and Light Company,* CASE NO.   13-80534--CIV-HURLEY (S.D.Fl. January 23, 2014) *8.   "This conclusion is in accord with the general rule, in breach of contract actions, that

all parties to the contract are deemed necessary ones to the litigation. *See Acton Co. of Mass. v Bachman Foods, Inc.*, 668 F.2d 76, 78-79 (1st Cir. 1982)." *Id.*

Because she is a necessary party, under Rule 19 (a) (2) Williams must be joined as a party defendant if feasible.

### 2. Rule 19(b) – Williams is an Indispensable Party

Having determined that Williams is a necessary party, the Court should now now turn to the issue of whether Williams is indispensable to this suit under Rule 19(b). "This analysis is done on a case-by-case basis, *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118-19, 88 S. Ct. 733, 743, 19 L.Ed.2d 936 (1968). In reaching a determination on the issue of 'indispensability,' the court must consider the following four factors: (1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. Fed. R. Civ. P. 19(b).

The Supreme Court has identified four corresponding interests which are promoted by these four factors: (1) the interest of the absent party; (2) the defendant's interest in avoiding inconsistent relief, multiple litigation or sole responsibility for a liability which it shares with an absent party; (3) the interests of the public and the courts in consistent, complete, and efficient settlement of cases, and (4) the plaintiff's interest in having an appropriate forum. *Provident,* 390 U.S. at 108- 11; 88 S. Ct. at 737-39." *The Spear Group,* supra * 8

In this case, much as in *The Spear Group,* "the circumstances are such that factor one",

[prejudice to Williams] "closely parallels the Court's analysis as to whether Williams is a necessary party pursuant to Rule 19(a)." Because Williams was a party with Plaintiff to the lease purchase agreement as a co-owner of Rockette, a favorable ruling for Plaintiffs in this action "would necessarily be prejudicial to [Williams], who would at least be potentially liable under the ruling as a party in privity with Plaintiffs." *Id.* Therefore, Williams has an interest in the outcome of this litigation. *See Acton*, 688 F.2d at 81; *F & M Distributers, Inc. v. American Hardware Supply Co.,* 129 F.R.D. 494 (W.D. Pa. 1990); *Rivera Rojas v. Lowen Group, Int'l, Inc.,* 178 F.R.D. 356 (D.P.R. 1998) (intermediary contracting party necessary for finding of breach); *Travelers Indem. Co. v. Household Intern., Inc*. 775 F. Supp. 518 (D. Conn. 1991) ("[A] contracting party is the paradigm of an indispensable party")*; Japan Petroleum Co. (Nigeria) Ltd. v. Ashland Oil, Inc.,* 456 F. Supp. 831, 836 n. 7 (D. Del. 1978)(if "the rights sued upon arise from a contract, all parties to the contract must be joined").

"The second factor for consideration is the extent to which measures may be taken to avoid any prejudice, and the corresponding interest is the existing defendant's interest in avoiding inconsistent relief, multiple litigation or sole responsibility for a liability which it shares with an absent party. *Provident,* 390 U.S. at 110, 88 S. Ct. at 738." *The Spear Group,* supra * 8. The Court or Jury might find Defendants with no obligation to pay Plaintiffs, but there would be no "mechanism for sharing liability with [Williams] a potentially responsible party." *Id.* Therefore, factor two favors find Williams to be indispensable.

The third factor is closely related, which is whether a judgment rendered without Williams in this action will be adequate. The corresponding interest "is that of the public and the courts in the complete and efficient settlement of controversies. *Provident,* 390 U.S. at 111, 88 S.

Ct. at 739." *Id.* If res judicata did not apply, Plaintiffs would remain free, in principle, to initiate another suit on their claims, this time against Williams. The public interest in avoiding piecemeal and inefficient litigation is particularly strong where, as here, it is apparent that a single court action could adjudicate the entire controversy. *See Evergreen Park Nursing & Convalescent Home, Inc. v. American Equitable Assurance Co.*, 417 F.2d 1113, 1115 (7th Cir. 1969). Thus, this factor also favors a finding of indispensability. *The Spear Group*, supra * 9.

Finally, the court considers whether Defendants will have an adequate forum if the Counterclaim is dismissed. *Provident,* 390 U.S. at 109, 88 S. Ct. at 738. Once Williams is brought in as a necessary and indispensable party, this action can proceed herein before this Court, provided the joinder of Williams does not destroy diversity jurisdiction.

Respectfully, based on the recent admission of the Defendants that Williams is a co-owner of the subject Horse, the Court should conclude that Williams is both a necessary and indispensable party to this action. Accordingly, the Court should grant Plaintiff's Motion to Dismiss the Counterclaim for failure to join an indispensable party under Rules 19(a) and (b). This grounds for dismiss may also make it "unnecessary for the court to reach the [] alternative challenges to the sufficiency of allegations of the [Counterclaim]." *The Spear Group*, supra * 9.

## Conclusion

For the preceding reasons, Plaintiffs respectfully request the Court dismiss the Counterclaim in its entirety and dismiss Count III thereof with prejudice.

## L.R. 7.1 Certification

Counsel for the parties conferred today in a good faith effort to narrow or resolve the issues raised herein and have come to a limited agreement after considered discussion. Defense counsel

has agreed to review Defendants' Counterclaim further after filing of this motion in the subsequent fourteen days, and shall either amend the Counterclaim and/or respond to this motion as Defense Counsel deems appropriate.

                                      Respectfully submitted,

*Avery S. Chapman*
Avery S. Chapman, Esq.
FL Bar No. 517321
CHAPMAN LAW GROUP, PLC
12008 South Shore Blvd., Suite 105
Wellington, FL 33414
Tel. 561.753.5996
Fax 561.828.2852
asc@chapmanlawgroup.net
teh@chapmanlawgroup.net

## Certificate of Service

I hereby certify that on the date appearing on the first page of this document, I electronically filed the foregoing with the document with the Clerk of the Court using the CM/ECF filing system, which then served on all counsel of record or pro se parties having an appearance and on the service list with the Clerk.

*Avery S. Chapman*
Avery S. Chapman, Esq.

Lynn Seithel, Esq.- lynn@seithellaw.com
Jason Richards, Esq.- JRichards@awkolaw.com, cduer@awkolaw.com, rvasquez@awkolaw.com